# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRRALL FARROW CANNON,<br><br>    Petitioner,<br><br>v.<br><br>TERRI L. GONZALEZ, Warden,<br><br>    Respondent. | Case No. EDCV 12-0093-RGK (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS |

On January 19, 2012, Petitioner Tyrrall Farrow Cannon ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition challenges Petitioner's 2003 state court conviction and sentence in San Bernardino County Superior Court Case No. FWV026177 (the "2003 judgment").

Petitioner has filed numerous petitions in this Court challenging the 2003 judgment. For the reasons set forth below, the Petition must be dismissed as an unauthorized successive habeas petition.

## PROCEEDINGS

On March 19, 2003, in Case No. FWV 026177, a San Bernardino County jury convicted Petitioner of inflicting corporal injury on a spouse and assault. The trial court found true that Petitioner had two prior "strike" convictions within the meaning of California's "Three Strikes Law." Petitioner was sentenced to a term of 25 years to life in prison. (Petition at 2; Report and Recommendation in Case No. EDCV 04-1287-CJC (CT), filed June 15, 2006 ("June 2006 R&R") at 2-3; Memorandum and Order Dismissing Successive Petition for Writ of Habeas Corpus in Case No. EDCV 10-0904-RGK (JEM), filed June 23, 2010 ("June 2010 M&O") at 1.)[1]

Petitioner appealed the 2003 judgment, which was affirmed by the California Court of Appeal on June 16, 2004. (Petition at 2-3; June 2006 R&R at 3; June 2010 M&O at 2.)

Petitioner filed a petition for review in the California Supreme Court, which was denied on August 25, 2004. (Petition at 3; June 2006 R&R at 3; June 2010 M&O at 2.)

On August 18, 2003, July 21, 2004, and October 7, 2004, Petitioner filed three separate habeas petitions in the California Supreme Court, which were denied on May 12, 2004, June 8, 2005, and September 7, 2005, respectively. (June 2006 R&R at 3-4; June 2010 M&O at 2.)

On October 12, 2004, in Case No. EDCV 04-1287-CJC (CT), Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California, attacking the 2003 judgment (the "2004 Federal Petition").

On June 15, 2006, the Magistrate Judge filed the June 2006 R&R recommending that the 2004 Federal Petition be denied on the merits and dismissed with prejudice. On July 7, 2006, the District Court issued an Order adopting the June 2006 R&R and entered Judgment denying the 2004 Federal Petition and dismissing it with prejudice.

---

[1] The Court takes judicial notice of its own files and records in the cases <u>Tyrrall Farrow Cannon v. D. L. Ollison, Warden</u>, Case No. EDCV 04-1287-CJC (CT), <u>Tyrrall Farrow Cannon v. United States of America</u>, Case No. EDCV 10-0904-RGK (JEM), and <u>Tyrrall Farrow Cannon v. Terri L. Gonzalez</u>, Case No. EDCV 11-0478-RGK (JEM).

2

On January 19, 2012, Petitioner filed the instant Petition, which also attacks the 2003 judgment.

## DISCUSSION

### I. Duty to Screen

This Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. Id.; see also Local Rule 72-3.2.

### II. Successive Petitions

The instant Petition must be dismissed as a successive petition over which this Court lacks jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir. 1999). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction).

1 | "'When the AEDPA is in play, the district court may not, in the absence of proper
2 | authorization from the court of appeals, consider a second or successive habeas
3 | application.'" Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v.
4 | Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

The instant Petition challenges the same 2003 judgment that Petitioner has challenged in numerous prior habeas petitions, including his 2004 Federal Petition. The Court denied the 2004 Federal Petition on the merits and dismissed it with prejudice. Several other federal habeas petitions attacking the 2003 judgment have been dismissed as unauthorized successive petitions under 28 U.S.C. § 2244(b). See, e.g., Central District of California Case Nos. EDCV 11-0478-RGK (JEM), EDCV 10-0904-RGK (JEM), EDCV 09-0824-RGK (CT), EDCV 08-0859-RGK (CT), EDCV 08-0153-RGK (CT), EDCV 08-0019-RGK (CT), and EDCV 07-0579-RGK (CT).

Under AEDPA, Petitioner was required to obtain an order from the Ninth Circuit authorizing the Court to consider these claims prior to filing the instant Petition. Because he did not do so, this Court is without jurisdiction to entertain it. Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A).

**ORDER**

ACCORDINGLY, IT IS HEREBY ORDERED that the Petition be DISMISSED as an unauthorized successive petition.

DATED: 1/31/12

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE